UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
REGINA R.,

                         Plaintiff,        DECISION AND ORDER
                                                  1:21-CV-04260-GRJ

    v.

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

      In August of 2019, Plaintiff Regina R.[1] applied for Disability Insurance Benefits and Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by Ny Disability, LLC, Daniel Berger, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 19).

      This case was referred to the undersigned on October 24, 2022. Presently pending are the parties' Motions for Judgment on the Pleadings

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 22, 25). For the following reasons, Plaintiff's motion is due to be denied, the Commissioner's motion is due to be granted, and this case is dismissed.

## I. BACKGROUND

### A.   Administrative Proceedings

Plaintiff applied for benefits on August 14, 2019, alleging disability beginning January 21, 2019. (T at 15, 83, 84).[2] Plaintiff's applications were denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on November 5, 2020, before ALJ Miriam Shire. (T at 30). Plaintiff appeared with her attorney and testified. (T at 34-49). The ALJ also received testimony from a vocational expert. (T at 49-52).

### B.   ALJ's Decision

On January 4, 2021, the ALJ issued a decision denying the applications for benefits. (T at 12-29).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since January 21, 2019 (the alleged onset date) and meets the insured status requirements of the Social Security Act through December 31, 2023. (T at 17).  The ALJ concluded

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 13

that Plaintiff's asthma, depressive disorder, anxiety disorder, and obesity were severe impairments as defined under the Act. (T at 18).

The ALJ then found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 18).

At step four of the sequential analysis, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform less than a full range of light work, as defined in 20 CFR 404.1567(b) and 416.967(b), with the following limitations: she can only occasionally tolerate social interaction with coworkers and supervisors and cannot tolerate any interaction with the general public; she can perform a simple, routine type of job, with only occasional changes in the workplace; she is limited to occasionally using stairs; cannot tolerate temperature extremes, excessive dust, smoke, or concentrated fumes; and her job must accommodate shift work, so she can avoid travel at peak times. (T at 20).

The ALJ concluded that Plaintiff could not perform her past relevant work as a babysitter. (T at 23). However, considering Plaintiff's age (42 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 24). As

such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between January 21, 2019 (the alleged onset date) and January 4, 2021 (the date of the ALJ's decision). (T at 25). On March 16, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C.   *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on May 12, 2021. (Docket No. 1). On May 27, 2022, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 22, 23). The Commissioner interposed a cross-motion for judgment on the pleadings, supported by a memorandum of law, on July 26, 202. (Docket No. 25, 26). On August 16, 2022, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 27).

## II. APPLICABLE LAW

A.   *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the

Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B. Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

See Rolon v. Commissioner of Soc. Sec., 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); see also 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. See Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. See Butts v. Barnhart, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises two main arguments in support of her request for reversal of the ALJ's decision.  First, she challenges the ALJ's assessment of the medical opinion evidence.  Second, Plaintiff contends that the ALJ erred in discounting her credibility.  Thw Court will address both arguments in turn.

A.   *Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social

Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Because Plaintiff's application for benefits was filed after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2). The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)). The "more consistent a medical opinion" is with "evidence

from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. Seth Sebold performed a consultative psychiatric evaluation in October of 2019. Dr. Sebold found Plaintiff cooperative, emotional, and depressed during his examination. (T at 469). Her attention and memory were mildly impaired, her cognitive functioning was average, and she displayed good insight and judgment. (T at 470).

Dr. Sebold assessed no limitation in Plaintiff's ability to understand, remember, and apply simple directions and instructions and mild limitation with respect to complex directions and instructions. (T at 470). He opined that Plaintiff would have marked limitation in interacting appropriately with supervisors, co-workers, and the public. (T at 470). Dr. Sebold assessed

moderate to marked limitation in Plaintiff's ability to regulate her emotions, control behavior, and maintain well-being. (T at 470).

Dr. Sebold diagnosed unspecified depressive disorder, agoraphobia, rule out panic disorder, and unspecified anxiety disorder. (T at 471).  He opined that Plaintiff's psychiatric problems "may significantly interfere with [her] ability to function on a daily basis." (T at 470).

The ALJ found Dr. Sebold's opinion "partially persuasive." (T at 22). The ALJ did not accept Dr. Sebold's assessment of marked limitation in Plaintiff's social functioning, but rather found that the evidence was consistent with the conclusion that Plaintiff had moderate limitation in this domain. (T at 22-23).  Likewise, the ALJ accepted Dr. Sebold's assessment of moderate to marked limitation in Plaintiff's emotional/self-regulation only to the extent of moderate limitation. (T at 23).

The ALJ then accounted for the impairments in social interaction and self-regulation by limiting Plaintiff to work involving no contact with the public, no more than occasional interaction with co-workers and supervisors, and nothing more than simple, routine work, with only occasional changes in the workplace. (T at 20).

Plaintiff challenges the ALJ's assessment of Dr. Sebold's opinion, arguing that the ALJ should have adopted marked limitation in the domains

of social interaction and emotional/self-regulation both when assessing whether Plaintiff's impairments met one of the Listings and when developing the RFC. For the following reasons the Court concludes that the ALJ's consideration of Dr. Sebold's assessment is supported by substantial evidence and is consistent with applicable law.

First, the ALJ's findings are supported by the opinions of Drs. Kamin and Juriga, the non-examining State Agency review consultants. *See Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)("'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in disability claims,' and as such, 'their opinions may constitute substantial evidence if they are consistent with the record as a whole.'")(quoting *Leach ex rel. Murray v. Barnhart,* 02 Civ. 3561, 2004 U.S. Dist. LEXIS 668, at *26 (S.D.N.Y. Jan. 22, 2004)).

Dr. Kamin assessed moderate limitation in Plaintiff's ability to interact appropriately with the general public, no significant limitation in her ability to interact with co-workers or supervisors, moderate limitation in responding appropriately to workplace changes, and no significant limitation in her ability to complete a normal workday or workweek without interruptions from psychologically-based symptoms. (T at 64-65, 74).

Dr. M. Juriga found moderate limitation in Plaintiff's ability to interact with the general public, co-workers, and supervisors; and moderate limitation in Plaintiff's ability to complete a normal workday or workweek without interruptions from psychologically based symptoms. (T at 95-96).

Second, the ALJ cited evidence that Plaintiff was able to maintain relationships with a roommate and family members, could provide childcare for her grandchildren, had generally unremarkable mental status examinations during treatment visits, and was able to maintain some activities of daily living, including cooking, cleaning, and shopping. (T at 21-23, 470, 508, 577-79, 587, 596-97).

Although Plaintiff points to evidence of impairment in the record, the question for this Court is not whether there is evidence that contradicts the ALJ's conclusions, but whether there is substantial evidence to support it. Moreover, it is significant that the dispute is not whether Plaintiff is impaired in these important domains of functioning.  The ALJ recognized Plaintiff's limitations and incorporated significant work-related limitations in the RFC to account for them.  The question is whether the ALJ's decision to adopt a somewhat less restrictive assessment of Plaintiff's limitations than Dr. Sebold found was supported by substantial evidence.  The Court finds that it was.

"Substantial evidence is "a very deferential standard of review — even more so than the 'clearly erroneous' standard." *Brault v. SSA*, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." Id. at 448 (emphasis in original) (citation and internal quotation marks omitted). "The role of the reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision." *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)(citation and internal quotation marks omitted).

Indeed, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." *Id.* (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)); *see also McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.")(citation omitted).

Lastly, and in the alternative, even if the ALJ accepted Dr. Sebold's assessment in full, the limitations set forth in the RFC determination are

sufficient to account for marked limitation in social interaction and moderate to marked limitation in self-regulation.

Several courts have concluded that marked limitation in social interaction can be adequately accounted for through an RFC that limits the claimant to no interaction with the public and only occasional interaction with co-workers and supervisors. *See, e.g., Juliana Marie M. v. Comm'r of Soc. Sec.*, No. 1:18-CV-1421 (ATB), 2019 WL 6829044, at *10 (N.D.N.Y. Dec. 13, 2019); *Fiducia v. Comm'r of Soc. Sec.*, No. 1:13-CV-285, 2015 WL 4078192, at *4 (N.D.N.Y. July 2, 2015); *Natrella v. Comm'r of Soc. Sec.*, No. 1:19-CV-01237 (SDA), 2020 WL 1041067, at *6 (S.D.N.Y. Mar. 3, 2020); *Molly C. v. Comm'r of Soc. Sec.*, No. 20-CV-1376S, 2022 WL 1679413, at *5 (W.D.N.Y. May 26, 2022).

Likewise, the Court finds no error in the ALJ's consideration of Plaintiff's difficulties in self-regulation. Dr. Sebold assessed moderate to marked limitation in Plaintiff's ability to regulate her emotions, control behavior, and maintain well-being. (T at 470). Dr. Sebold also found, however, no limitation in Plaintiff's capacity to sustain an ordinary routine and regular attendance at work. (T at 470). To the extent the record is indicative of impairment in Plaintiff's ability to self-regulate, adapt to changes, and maintain attendance, the ALJ adequately accounted for this

by limiting Plaintiff to a simple, routine job with only occasionally workplace changes, no contact with the public, and limited interaction with co-workers and supervisors. (T at 20).

Further, to the extent the record supports limitation in Plaintiff's ability to use public transportation, the ALJ addressed this by limiting Plaintiff to a job that permitted shift work, so that she could travel outside of peak times. (T at 20). *See McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014)(finding that ALJ appropriately accounted for moderate work-related psychiatric limitations by limiting the claimant to unskilled, low stress work involving limited contract with others); *see also Platt v. Comm'r of Soc. Sec.*, 588 F. Supp. 3d 412, 422 (S.D.N.Y. 2022)(collecting cases); *Walters v. Saul*, No. CV 19-3232 (AYS), 2021 WL 4861521, at *11 (E.D.N.Y. Oct. 19, 2021); *Jacqueline L. v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 2, 12 (W.D.N.Y. 2021).

    B.    Credibility

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec.*, 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's credibility. First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's

16

reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.

This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's credibility, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff testified as follows: She was 44 at the time of the hearing and lived with her daughter. (T at 44-45). She stopped working in 2016 due to anxiety attacks. (T at 36). She was hospitalized in 2018 due to homicidal thoughts involving her grandson. (T at 35). Thereafter, treatment, including medication, helped her feel somewhat calmer, but she still has good days and bad days. (T at 37, 42). Plaintiff attempted seasonal work at Target and some babysitting, but was unable to sustain the work. (T at 37-39). She has difficulty with public transportation during busy times due to anxiety. (T at 40-41).

On bad days, Plaintiff cannot get out of bed. (T at 42). Most days, she tries to keep busy with reading, crossword puzzles, and light chores. (T at 43). She has limited social interactions. (T at 43). She can get irritable or angry toward others. (T at 44). Major anxiety attacks occur at least once a week; minor attacks happen about twice a week. (T at 45).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible. (T at 20).

For the reasons explained below, the Court finds the ALJ's decision to discount Plaintiff's credibility is supported by substantial evidence and is consistent with applicable law.

First, an ALJ has the discretion to discount a claimant's subjective complaints where, as here, those complaints can be considered not fully consistent with the clinical assessments, treatment notes, and activities of daily living. *See Kuchenmeister v. Berryhill*, No. 16 Civ. 7975, 2018 U.S. Dist. LEXIS 9750, at *59 (S.D.N.Y. Jan. 19, 2018); *Rodriguez v. Colvin*, No. 15 Civ. 6350, 2016 U.S. Dist. LEXIS 159003, at *68-69 (S.D.N.Y. Nov. 14, 2016); *Robles v. Colvin*, No. 16CV1557 (KMK) (LMS), 2019 U.S. Dist. LEXIS 62118, at *51 (S.D.N.Y. Apr. 9, 2019).

Second, the ALJ reasonably found Plaintiff's complaints of disabling psychiatric limitations inconsistent with the well-supported aspects of the medical opinion evidence, including the assessments of Dr. Sebold, Dr. Kamin, and Dr. Juriga. As discussed above, the ALJ acted within her discretion in finding these assessments supportive of the conclusion that Plaintiff could perform a range of work that included limitations sufficient to account for her psychiatric impairments.

In sum, the ALJ offered specific support for the decision to discount Plaintiff's subjective complaints, including a reasonable reading of the

treatment notes, clinical assessments, and medical opinion evidence, along with proper consideration of the activities of daily living.  This is sufficient to sustain the disability determination under the deferential standard of review applicable here.  *See Stanton v. Astrue,* 370 Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not "second-guess the credibility finding . . . where the ALJ identified specific record-based reasons for his ruling"); *Hilliard v. Colvin,* No. 13 Civ. 1942, 2013 U.S. Dist. LEXIS 156653, at *48 (S.D.N.Y. Oct. 31, 2013)(finding that ALJ "met his burden in finding [subjective] claims not entirely credible because [claimant] remains functional in terms of activities of daily living and the objective medical evidence fails to support her claims of total disability based on pain").

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 22) is DENIED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 25) is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: November 21, 2022                              *s/ Gary R. Jones*
                                                      GARY R. JONES
                                                      United States Magistrate Judge